UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAKAI MARAT-UULU,

                         Petitioner,

          -against-

UNITED STATES OF AMERICA,

                         Respondent.

17 CR 350 (LAP)
20 CV 575 (LAP)

ORDER

Loretta A. Preska, Senior United States District Judge:

     Before the Court is Petitioner Bakai Marat-Uulu's motion,
pursuant to 28 U.S.C. § 2255, to vacate his conspiracy to commit
murder for hire, using and carrying a firearm in furtherance of
a narcotics offense, and aggravated identity thief convictions
due to ineffective assistance of counsel.  (See Motion to
Vacate, Set Aside, or Correct ["Mot."], dated January 8, 2020
[dkt. no. 1246].)[1]  The Government responded in a memorandum of
law filed June 10, 2019.  (See Opposition ["Opp."], dated March
8, 2020 [dkt. no. 1256].)  On April 6, 2021, the Court ordered
the Government to send a copy of its opposition to Mr. Marat-
Uulu and ordered that any reply by Mr. Marat-Uulu be received no
later than April 30, 2021.  (Dkt. no. 1348).  The Government

---

[1] All citations to docket entries herein refer to 17-cr-350.

1

confirmed service of its opposition on April 6, 2021 (dkt. no.

1382), but no reply papers from Mr. Marat-Uulu have been

received to date.  The Court thus considers the motion to be

fully briefed.  The Court assumes the parties' familiarity with

the underlying facts and procedural history.  For the reasons

set forth below, the motion is denied in part.

   I.   Legal Standards

        a. The Habeas Statute

     Under 28 U.S.C. § 2255, a federal prisoner "may move the

court which imposed the sentence to vacate, set aside, or

correct the sentence" on the grounds, inter alia, that the

"sentence was imposed in violation of the Constitution or laws

of the United States . . . or is otherwise subject to collateral

attack."  28 U.S.C. § 2255(a).  On a § 2255 motion, the

defendant bears the burden of proof by a preponderance of the

evidence.  See Triana v. United States, 205 F.3d 36, 40 (2d Cir.

2000).  The Court is required to hold a hearing "[u]nless the

motion and the files and records of the case conclusively show

that the prisoner is entitled to no relief."  22 U.S.C § 2255.

To warrant a hearing, the motion must set forth specific facts

by competent evidence, raising issues of fact that, if proved at

a hearing, would entitle him to relief.  See Gonzalez v. United

States, 722 F.3d 118, 131 (2d Cir. 2013).

b. Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must (1) illustrate that his counsel's conduct fell below the "objective standard of reasonableness," and (2) "affirmatively prove prejudice." Rodriguez v. United States, No. 10 CIV. 5259 (KTD), 2011 WL 4406339, at *2 (S.D.N.Y. Sept. 22, 2011) (quoting Strickland v. Washington, 466 U.S. 668, 693-94 (1984)).  "[A] Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S.at 689. Prejudice is established if Petitioner demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  The question is not whether the attorney in question adhered to the best practices or customs. Harrington v. Richter, 562 U.S. 86, 105 (2011).  Rather, the relevant query is whether the "attorney's representation amounted to incompetence under the prevailing professional norms." Id. (internal quotation marks omitted).

In the context of plea offers, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 134, 145 (2012).  In order to show Strickland prejudice with respect to counsel's handling

3

of a proposed plea, a defendant "must demonstrate a reasonable probability that but for counsel's deficient performance, he would have pled guilty instead of going to trial."  Raysor v. United States, 647 F.3d 491, 495 (2d Cir. 2011).  While a defendant can offer his own statement in support of that showing, "in order for the statement to be sufficiently credible to justify a full hearing, it must be accompanied by some 'objective evidence,' such as a significant sentencing disparity, that supports an inference that the petitioner would have accepted the proposed plea offer if properly advised." Id. (quoting Puglisi v. United States, 586 F.3d 209, 215-16 (2d Cir. 2009)).

   III. Discussion

       A.   Ineffective Assistance With Respect to the Plea

   Mr. Marat-Uulu first argues that his lawyer ineffectively promised him that "that [he] would receive no more than ten years" imprisonment as a means of inducing his guilty plea. (Mot. at 4.)  This claim is flatly contradicted by Mr. Marat-Uulu's sworn statements at the time of his plea.  Petitioner was informed of, and confirmed that he understood, the charges against him (Plea Transcript [dkt. no. 1256-1], at 4, 11); stated that he was feeling well and not under the influence of drugs or alcohol (id. at 9-10); confirmed that he was satisfied with his attorney's representation and advice (id. at 11);

4

confirmed that he understood the maximum and, where applicable,

mandatory minimum and consecutive sentences of imprisonment,

namely, that he faced a potential sentence of life imprisonment,

with a mandatory minimum of seven years on Counts Two and Three

(id. at 12-14); confirmed that he discussed with counsel and

understood all of the terms and conditions of the plea agreement

(id. at 22); and confirmed that he understood that the plea

agreement contained a stipulated Guidelines sentence of 204

months imprisonment (id.).  Perhaps most important for present

purposes, Petitioner also confirmed that "[a]part from what is

in the plea agreement itself, [no] promises of any kind [have]

been made to you to influence you to plead guilty" and that no

promises had been made regarding the "actual sentence you will

receive . . . other than what's stated in the plea agreement."

(Id. at 29.)

Given Petitioner's clear statement at the time of his plea

that he was satisfied with counsel's advice; that he understood

the statutory maximum, mandatory minimum, and Guideline

sentences; that he understood that his actual sentence could

differ from that stated in the plea agreement; and that no

promises apart from those in the plea agreement had induced him

to plead guilty, Petitioner's unsupported claim that counsel

promised him that he would receive no more than ten years

imprisonment in not credible.  Accordingly, this first basis for relief is denied.

Mr. Marat-Uulu next argues that his counsel failed to file a notice of appeal of his sentence despite his direction following sentencing that counsel do so.  According to Petitioner's affidavit, after sentencing concluded, Petitioner "was taken to the MCC Federal holding (bull pen) cell where he met with his attorney and immediately informed him that he wanted to file an appeal on his behalf as he was disappointed with the outcome of his sentence and counsel performance during sentencing."  (Mot. at 19-20.)  "Counsel at that time informed Petitioner that an appeal would be taken and that he (counsel) would be to see him within (5) five days."  According to Petitioner, no appeal was filed and counsel failed to visit him, even after repeated outreach from Petitioner.  (Id. at 20.)

Petitioner's counsel at his plea and sentencing, Mr. Jeremy M. Iandolo, has submitted two affidavits in response to Petitioner's claims.  In the first, he states that he "has no recollection" of meeting with Petitioner after sentencing and being directed to file a notice of appeal and, in fact, "did not meet with Bakai Marat-Uulu subsequent to his sentencing." (First Affidavit of Jeremy M. Iandolo [dkt. no. 1256-2] ¶ 7 (emphasis added).)  In the second, following an inquiry by the Government as to whether Mr. Iandolo had met with the defendant

at all on March 27, 2019 following the sentencing, Mr. Iandolo states that he "did not meet with Bakai Marat-Uulu <u>subsequent his sentencing at the MCC</u>."  (Second Affidavit of Jeremy M. Iandolo [dkt. no. 1256-3] ¶ 7 (emphasis added).)  The Government concedes, and the Court agrees, that these affidavits "leave open a degree of ambiguity" as to the plausibility of Petitioner's claimed direction to counsel to file a notice of appeal.  (Opp. at 5.)

Given this ambiguity, Mr. Iandolo shall submit a supplemental affidavit addressing (1) whether or not he met with Petitioner on March 27, 2019 following the conclusion of the sentencing, regardless of the location of the meeting and, if so, the location and circumstances surrounding the meeting; (2) whether or not he has communicated with Petitioner at any time from March 27, 2019 to present for any reason; and (3) whether or not Petitioner made any request for the filing of a notice of appeal and, if so, the date, location, and circumstances surrounding the request.  The affidavit shall be filed no later than April 22, 2022.

IV.  Conclusion

For the reasons set forth above, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 1246) is DENIED in part.  Mr. Iandolo shall submit the affidavit described above no later than April 22, 2022.  The Court

7

reserves decision on Petitioner's claim that he directed counsel to submit a notice of appeal pending counsel's submission of a supplemental affidavit.

The Clerk of the Court is directed to mail a copy of this order to Mr. Marat-Uulu.

**SO ORDERED.**

Dated:    New York, New York
          March 30, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge