UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAKAI MARAT-UULU,<br><br>                    Petitioner,<br><br>          -against-<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | 17 CR 350 (LAP)<br>20 CV 575 (LAP)<br><br>ORDER |

Loretta A. Preska, Senior United States District Judge:

　　On March 30, 2022, the Court denied in part Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate his convictions. (Dkt. no. 1389.)  The Court rejected Petitioner's claim that counsel rendered ineffective assistance at his plea.  (Id. at 4-6.)  As to Petitioner's claim that he received ineffective assistance after sentencing, the Court reserved decision and instructed his counsel, Mr. Jeremy M. Iandolo, to submit a supplemental affidavit.  (Id. at 6-7.)  Mr. Iandolo submitted a supplemental affidavit on April 15, 2022 (dkt. no. 1390), and the Government submitted a response on May 3, 2022 (dkt. no. 1392).

　　On April 18, 2022, the Court denied Petitioner's motion to vacate his sentence pursuant to 28 U.S.C § 2255, (dkt. no. 1393), relying on a statement from Petitioner's former attorney, Jeremy M. Iandolo (id. at 2 (citing Mr. Iandolo's Statement

1

(dkt. no. 1390))). Petitioner appealed and, on May 2, 2023, the Court received the Court of Appeals' mandate vacating that order and remanding because the Court relied on Mr. Iandolo's unsworn statement. (Dkt. no. 1407.) The Court of Appeals directed the court to "either obtain a sworn statement from [Petitioner]'s former attorney or conduct an evidentiary hearing as to whether [Petitioner] asked his counsel to file a notice of appeal." (Id.) On May 3, 2023, the Court requested that Mr. Iandolo resubmit his May 15, 2022 statement (dkt. no. 1390) as an affidavit or affirmation under penalty of perjury by May 24, 2023 (dkt. no. 1408). The Court received the affirmation on May 5, 2023. (Dkt. no. 1409.) As such, the Court adheres to its original ruling, which it reiterates below, and concludes that no hearing is required for further factual development.

According to Petitioner, after sentencing concluded, Petitioner "was taken to the MCC Federal holding (bull pen) cell where he met with his attorney and immediately informed him that he wanted to file an appeal on his behalf as he was disappointed with the outcome of his sentence and counsel performance during sentencing." (Mot. at 19-20.) "Counsel at that time informed Petitioner that an appeal would be taken and that he (counsel) would be to see him within (5) five days." (Id.) According to Petitioner, no appeal was filed and counsel failed to visit him, even after repeated outreach from Petitioner. (Id. at 20.)

2

Mr. Iandolo avers that he "did not meet with Bakai Marat-Uulu subsequent to his sentencing" and that he has "no recollection of receiving instruction to file a notice of appeal in the instant matter."  (Dkt. no. 1409 ¶¶ 7-8.)  He further avers that although he did not speak with Petitioner, he did speak with Petitioner's "family in the hall of the courthouse" on the day of the sentencing.  (Id. ¶ 7.)

The Court concludes that Petitioner's claims are conclusory and implausible.  "Conclusory assertions like [Petitioner's], without detail or supporting documentation, have been found inadequate to support a claim of ineffective assistance in the face of a credible and contradictory affidavit by counsel."  Chung Yu-Holguin v. United States, No. 13-CR-259, 2020 WL 804945, at *14 (E.D.N.Y. Feb. 18, 2020), certificate of appealability denied sub nom. Yu-Holguin v. United States, No. 20-961, 2020 WL 8918594 (2d Cir. Oct. 13, 2020).  The Court thus concludes that a testimonial hearing is unnecessary. See Davis v. United States, 558 F. App'x 127, 128 (2d Cir. 2014) (where issue is whether petitioner requested counsel to file notice of appeal, "full-blown testimonial hearing" not necessarily required, "as it is within district court's discretion to choose middle road that adequately expands the record without the needless expenditure of judicial resources."); Florez v. United States, No. 00-CV-5073, 2007 WL 162764, at *4 (E.D.N.Y. Jan. 18,

2007) ("The determinative issue is whether or not [the § 2255 petitioner] directed [his lawyer] to file a notice of appeal.  A review of the papers submitted by the parties, including a detailed affidavit from [the lawyer], are sufficient to decide this issue; a full testimonial hearing is unnecessary." (cleaned up)).

Moreover, even assuming Petitioner's version of events was credible, Petitioner cannot establish prejudice under Strickland v. Washington, 466 U.S. 668, 692 (1984).  As Mr. Iandolo (id. ¶ 6) and the Government (dkt. no. 1256 at 5) note, and as the plea transcript makes clear (dkt. no. 1256-1 at 23:21-24:1), Petitioner knowingly and voluntarily waived his right to appeal a sentence at or below 204 months.  Petitioner ultimately was sentenced to 164 months imprisonment.  (Dkt. no. 1130.)  Although Petitioner has not identified the grounds for his intended direct appeal, it appears from his papers that he would have argued that counsel's performance was ineffective with respect to the plea.  (See dkt. no. 1246 at 18-21.)  But Petitioner has been able to assert that claim in this petition, and the Court has rejected it.  (See dkt. no. 1389 at 4-6.)

Thus, Petitioner's motion to vacate his sentence is denied.  The Clerk of the Court shall mark docket number 1246 as closed and shall mail a copy of this order to Mr. Marat-Uulu.

**SO ORDERED.**

Dated:   New York, New York
         July 13, 2023

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge