UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

BAKAI MARAT-UULU,

Defendant.

---

No. 17-cr-350 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Bakai Marat-Uulu's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and for appointment of counsel (the "Motion"). (See dkt. nos. 1446, 1458.) The Government opposes the Motion only insofar as Marat-Uulu contends that changes to the criminal history computation reduce his sentence. (See dkt. no. 1457 at 1.) For the reasons set forth below, the Motion is DENIED.

I.  **Background**

On June 5, 2017, Marat-Uulu and a co-defendant, Nikoloz Jikia, were charged by way of a sealed complaint detailing their joint participation in a murder-for-hire conspiracy that included, among other things, the possession and use of firearms. (See Compl., dated June 5, 2017 [dkt. no. 1].) On June 6, 2017, Marat-Uulu and multiple co-defendants were also charged by way of an indictment with conspiring to violate U.S. narcotics laws through the sale of heroin and cocaine, each in amounts carrying a mandatory five-year

term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B).  (See Indictment, dated June 6, 2017 [dkt. no. 1].)[1]

On July 17, 2018, Marat-Uulu appeared before Magistrate Judge Debra Freeman and pleaded guilty to Counts One, Two, and Three of the Complaint - charges of murder for hire conspiracy, possession of firearms in furtherance of a crime of violence, and conspiracy to sell firearms to a felon, respectively.  (See dkt. no. 938 at 40.)  On July 23, 2018, District Judge Katherine Forrest, upon the recommendation of Magistrate Judge Freeman, accepted Marat-Uulu's guilty plea.  (See id.; dkt. no. 934.)

Based on a total offense level of 34 and a Criminal History Category of III, Marat-Uulu's Guidelines range was originally calculated to be 188 to 235 months.  (See dkt. no. 1454 ¶ 88.)  However, U.S.S.G. § 5G1.1(c)(1) restricted the maximum statutory term of imprisonment for Count One to 120 months.  (Id.)  Accordingly, Marat-Uulu's Guidelines range was 120 to 204 months, which encompassed the 120-month statutory maximum term for Count One as well as the 60-month and 24-month mandatory minimum terms for Counts Two and Three.  (See id. at 3.)

On March 27, 2019, the Court sentenced Marat-Uulu to a total term of 164 months' imprisonment – 80 months on Count One, a mandatory minimum of 60 months on Count Two, and a mandatory

---

[1] Both the Complaint and Indictment are filed under docket number 1 despite being separate documents with distinct filings on ECF.

2

minimum of 24 months on Count Three. (See dkt. no. 1454 at 2.) No appeal followed. To date, Marat-Uulu has served a total of 84 months of his sentence.

In April 2024, Marat-Uulu moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 821 of the November 1, 2023 Guidelines decreased his criminal history computation and reduced his sentence from 164 months to 151 months. (See dkt. no. 1446 at 2.)

## II. Applicable Law

Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment if, after the defendant's sentencing date, the U.S. Sentencing Commission has lowered the defendant's sentencing range under the Guidelines. See 18 U.S.C. § 3582(c)(2). In those circumstances, a court may lower a sentence only "if such a reduction is consistent with applicable policy statements issued by the [U.S.] Sentencing Commission." Id. The relevant policy statement for retroactive amendments to the Guidelines is § 1B1.10, which states that "[i]n a case in which a defendant is serving a term of imprisonment, and the [G]uideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)," but that "any such reduction in the defendant's term of imprisonment shall be consistent with [§ 1B1.10]." See U.S.S.G. § 1B1.10(a)(1).

3

On November 1, 2023, the latest edition of the Guidelines went into effect. As part of this update, the Guidelines included Amendment 821, Part A of which amended Guideline § 4A1.1 by (a) reducing from 2 to 1 the number of criminal history "status points" a defendant would receive if he committed the offense while under a separate criminal justice sentence, and (b) limiting the receipt of the additional status point to defendants whose criminal history calculation provided in Guidelines §§ 4A1.1(a)-(d) already yielded seven or more criminal history status points. See United States v. Garcia, 2024 WL 2830908, at *3 (S.D.N.Y. June 3, 2024); see also U.S.S.G. § 4A1.1(e). Guideline § 1B1.10(d) states that Amendment 821 is an amendment covered by the policy statement contained in subsection 1B1.10(a)(1), making its application retroactive.

In considering a section 3582(c)(2) motion, a court must "determine the amended [G]uideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillon v. United States, 560 U.S. 817, 827 (2010). Then, if the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued

4

by the [U.S.] Sentencing Commission." United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020) (citation omitted).

Courts may not reduce a term of imprisonment under section 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021); see also United States v. James, 702 F. App'x 24, 26 (2d Cir. 2017) (summary order) ("[S]entence reduction under § 3582(c)(2) cannot be to a term less than the low end of the amended Guidelines range . . . ."); United States v. Morris, 2024 WL 3876186, at *1 (S.D.N.Y. Aug. 19, 2024) (citing Young, 998 F.3d at 46 n.1).

Additionally, "[w]here a statutory mandatory minimum sentence is applicable, the passage of a retroactive [G]uideline amendment is irrelevant." United States v. Paulino, 2017 WL 2445873, at *2 (S.D.N.Y. June 6, 2017); see also United States v. Sanchez, 99 F. Supp. 3d 457, 460 (S.D.N.Y. 2015) (finding that because a sentence "was based on the mandatory statutory minimum[,]" it removed the "case from the ambit of § 3582(c)(2) and limit[ed] the [c]ourt's ability to reduce [the] sentence[]"); United States v. Archuleta, 2019 U.S. Dist. LEXIS 202254, at *1 (S.D.N.Y. Nov. 20, 2019) (Preska, J.) (finding the same).

5

### III. Discussion

#### A.   Reduction of Sentence

Marat-Uulu is ineligible for a sentence reduction because his sentence already falls below the minimum Guidelines range, does not qualify for an exception therefrom, and carries mandatory minimums on Counts Two and Three.

To start, Marat-Uulu correctly identifies that Amendment 821 decreases his Criminal History Category from III to II. (See dkt. no. 1446 at 2; dkt. no. 1454 at 3.) He was initially determined to be in Criminal History Category III based on his criminal history (two points) and an enhancement for offending while under a criminal justice sentence (two points). (See dkt. no. 1454 at 2-3.) However, as discussed above, the 2023 Guidelines eliminated the two-point enhancement where, as here, the defendant did not have seven or more criminal history points under Guidelines §§ 4A1.1(a)-(d). Accordingly, under the 2023 Guidelines, Marat-Uulu's Criminal History Category is now II.

Notwithstanding these changes, Marat-Uulu remains ineligible for a reduced sentence because the Court originally imposed a term of imprisonment below the lower end of his Guidelines range. See Young, 998 F.3d at 46 n.1 (holding that a term may not be reduced under § 3582(c)(2) below the minimum of a lowered Guidelines range). In 2019, the Court sentenced Marat-Uulu to a term of 80 months on Count One. (See dkt. no. 1454 at 3 n.3.) Presently,

even with a Criminal History Category of II, the lower end of Marat-Uulu's Guideline range is 120 months on Count One.[2] (See id. at 9.) Additionally, there is no evidence that Marat-Uulu provided substantial assistance to the Government to merit further reduction of his sentence. See Young, 998 F.3d at 46 n.1;(see generally dkt. no. 1454.) Marat-Uulu has therefore already received a sentence that is 40 months below the lower end of his 2023 Guidelines range on Count One, and he is ineligible for a further reduction of that term.

Moreover, Counts Two and Three carry mandatory minimum terms of imprisonment, which the Court lacks authority to reduce. See Sanchez, 99 F. Supp. 3d at 460; Paulino, 2017 WL 2445873, at *2. Accordingly, there is no basis to reduce Marat-Uulu's sentence despite the change to his Criminal History Category.

B. **Appointment of Counsel**

Marat-Uulu also requested, in passing, the appointment of counsel. (See dkt. no. 1446 at 3.) A defendant has no right to counsel when filing a motion for a reduction of sentence under section 3582(c)(2). United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021) (citation omitted). The decision to appoint counsel is left to the discretion of the district court, which may consider

---

[2] Marat-Uulu's 2023 Guidelines range for Count One should be 151 to 188 months. (See dkt. no. 1454 at 4.) However, a statutory maximum of 120 months applies to Count One and consequently limits the "range" to a term of 120 months. (Id.)

7

the merits of the defendant's motion as a "significant factor in the exercise of that discretion." United States v. Reddick, 53 F.3d 462, 465 n.2 (2d Cir. 1995). Where, as here, "it is readily apparent that the underlying motion is meritless," no appointment of counsel is merited. Schlussel v. United States, 2014 WL 1875928, at *3 (S.D.N.Y. May 9, 2014) (citation omitted). Accordingly, Marat-Uulu's request to appoint counsel is denied.

### IV. Conclusion

Consequently, the Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and for appointment of counsel is DENIED.

The Clerk of Court shall close docket entry 1446 in Criminal Case 17-cr-350 and shall mail a copy of this order to Mr. Marat-Uulu.

**SO ORDERED.**

Dated:   October 21, 2024
         New York, New York

*Loretta A. Preska*
―――――――――――――――――――――
LORETTA A. PRESKA
Senior United States District Judge